<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 899 S. 19TH LLC,<br><br>   Plaintiff,<br><br>v.<br><br>MELVENE KENNEDY,<br><br>   Defendant. | Civil Action No. 23-01003 (SDW) (MAH)<br><br>**WHEREAS OPINION**<br><br>February 23, 2023 |

  **THIS MATTER** having come before this Court upon Defendant Melvene Kennedy's ("Defendant") Notice of Removal of a Complaint pending in Superior Court of New Jersey, Essex County, Special Civil Part, (D.E. 1), and Plaintiff 899 S. 19th, LLC's ("Plaintiff") Opposition to the Motion, (D.E. 4); and

  **WHEREAS** "[a] federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*." *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999), *abrogated on other grounds*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). Such jurisdiction exists either by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332 or federal question jurisdiction pursuant to 28 U.S.C. § 1331. "To establish diversity jurisdiction . . ., the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.00." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). In contrast,

federal question jurisdiction "arises when federal law creates the cause of action, or where the complaint, on its face, poses a federal question." *Id.*; and

**WHEREAS** Defendant defaulted on a mortgage loan and the lender thereafter foreclosed on real property located at 721 Westfield Avenue, Elizabeth, New Jersey (the "Property"). Plaintiff purchased the Property at a Sherriff's sale, and has owned the property since October 26, 2022. (*Id.* at 5–6.) Plaintiff commenced an ejectment action in Superior Court of New Jersey, Essex County Special Civil Part after Defendant and her family failed to vacate the property. (*Id.* at 6–7.) The State Court held a hearing concerning the ejectment action, and a decision is pending. (*Id.* at 1–14.) Defendant seeks to remove the matter to this Court pursuant to 28 U.S.C. § 1332. (D.E. 1 at 1–2.) Defendant alleges that the principal member of Plaintiff Limited Liability Company ("LLC") is a citizen of New York and Defendant is a citizen of New Jersey. Defendant also alleges that the controversy exceeds $75,000 "because the action relates to real property unlawfully transferred to [P]laintiff[,] which is [D]efendant's residence." (*Id.* at 1–2.)

**WHEREAS** Plaintiff, in opposition to removal, contends that Plaintiff is an LLC established in New Jersey on August 5, 2022, with its principal place of business at 721 Westminster Avenue, Elizabeth, New Jersey. (D.E. 4 at 2; D.E. 4-1.) Plaintiff admits that its principal member resides in New York. (*Id.*) Plaintiff also contends that the amount in controversy does not exceed $75,000.00 because the matter is an ejectment action; therefore, there is no amount in controversy. (*Id.*); and

**WHEREAS** "[u]nder § 1332(a)(1), federal district courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011)

2

(quoting 28 U.S.C. § 1332(a)(1)).  The movant bears the burden of pleading the existence of diversity jurisdiction and must allege each party's citizenship.  *Id.* at 344-45; *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir. 1999).  "[A] limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). Additionally, "the citizenship of an LLC is determined by the citizenship of its members." *Id.* (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

**WHEREAS** Defendant alleges that Plaintiff LLC's principal member is a citizen of New York, which Plaintiff does not contest.  While the parties may be citizens of different states, however, the pending State Court action concerns ejectment, thus there is no amount in controversy.  Defendant has therefore failed to set forth any legitimate basis for this Court's jurisdiction under 28 U.S.C. § 1332; and

**WHEREAS** Defendant has not sufficiently established either diversity of citizenship among the parties *and* a sufficient amount in controversy or the existence of a federal question; therefore

Defendant's request for removal is *sua sponte* **DENIED** and this matter is closed.  An appropriate order follows.

    /s/ Susan D. Wigenton  
**United States District Judge**

Orig:  Clerk  
cc:    Michael A. Hammer, U.S.M.J.  
       Parties